

Fish & Richardson P.C.
7 Times Square
20th Floor
New York, NY 10036

212 765 5070 main
212 258 2291 fax

**Michael T. Zoppo**
Principal
Zoppo@fr.com
212 641 2268  direct

BY ECF

May 4, 2020

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Hong Kong uCloudlink Network Technology Limited et al v SIMO Holdings Inc.,
    No. 20-cv-03399-ALC

Dear Judge Carter:

      This firm represents Plaintiffs Hong Kong uCloudlink Network Technology Limited and uCloudlink (America) Ltd. in the above-captioned matter.  I write to advise the Court of an earlier-filed, related case before Judge Rakoff, captioned *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited and uCloudlink (America) Ltd.* (18-cv-5427).

      The earlier-filed case involves the same parties, and the same question of whether there had been any infringement of U.S. Pat. No. 9,736,689 ("the '689 patent"), owned by SIMO Holdings Inc. In the prior case, the Court conducted claim construction proceedings to construe the claims of the '689 patent. The Court ruled on summary judgment motions, and held a jury trial regarding the '689 patent in May of 2019. The Court's rulings and the final judgment are currently on appeal and may be remanded. As part of its rulings on post-trial motions, the Court made decisions regarding whether certain newer products sold by uCloudlink (the uCloudlink "redesign products") should be covered by the Court's permanent injunction. The Court determined that the redesign products should not be enjoined because the Court was "persuaded that uCloudlink's redesigned products no longer infringe" the '689 patent. On a motion for clarification by SIMO, the Court clarified that this infringement determination was only made in the context of deciding the scope of injunctive relief, and was not a ruling on summary judgment. The purpose of this declaratory judgment action is to ask that the Court re-issue its same decision as a summary judgment ruling, so that the Court's non-infringement decision is a binding and enforceable judgment that prevents SIMO from asserting that the redesign products infringe the '689 patent now and in the future. As such, there is complete overlap between this new matter and factual and legal issues decided by the Court in the prior case.

      We thank the Court for its attention to this matter.



The Honorable Andrew L. Carter, Jr.
May 4, 2020
Page 2

Respectfully submitted,

*/s/Michael T. Zoppo*
Michael T. Zoppo (MZ-8469)
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel. (212)765-5070
Email:zoppo@fr.com
(*Counsel for Plaintiff*)