**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X:
                                                         :
HONG KONG UCLOUDLINK NETWORK                             :
TECHNOLOGY LIMITED and                                   :
UCLOUDLINK (AMERICA), LTD.,                              :      No. 1:20-cv-03399(JSR)
                                                         :
        Plaintiffs,                     :
                                                         :
      v.                                          :
                                                         :
SIMO HOLDINGS INC.,                                      :
                                                         :
        Defendants.                     X
------------------------------------------------------- 


**DEFENDANT SIMO HOLDINGS, INC.'S MEMORANDUM IN SUPPORT OF MOTION**
**TO DISMISS, OR IN THE ALTERNATIVE, TO STAY OR TRANSFER**
**PURSUANT TO THE FIRST-TO FILE RULE**

# TABLE OF CONTENTS

I.    Introduction ............................................................................................................ 1

II.   Background of the Facts and Procedural History ................................................. 1

     A.    The Relevant Actions ............................................................................. 1

          1.    The 2018 SDNY Action ............................................................. 1

          2.    The 2018 NDCA Action ............................................................. 3

          3.    The 2020 EDTX Action ............................................................. 5

          4.    The 2020 SDNY Action ............................................................. 6

     B.    The Relationship of the Actions ............................................................ 9

          1.    The *2020 EDTX Action* is the Relevant First-Filed Action ........................ 9

          2.    The *2020 SDNY Action* is Not as Straightforward as uCloudlink Contends ............................................................................. 11

III.  Argument ............................................................................................................ 13

     A.    The Second-Filed *2020 SDNY Action* Substantially Overlaps with the First-Filed *2020 EDTX Action* ............................................................. 14

     B.    There Is No Reason for This Court to Deviate from the First-to-File Rule ......... 15

          1.    No Exception Should Be Made to the First to File Rule ........................... 15

          2.    The Decision to Apply an Exception to the First-to-File Rule Should Remain with the Court Handling the First-Filed Action ............... 19

IV.  Conclusion ......................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adam v. Jacobs*,
    950 F.2d 89 (2d Cir. 1991)....................................................................................14

*Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*,
    2019 WL 6841419 (S.D.N.Y. Dec. 16, 2019) ......................................................20

*Cellectis S.A. v. Precision Biosciences, Inc.*,
    881 F. Supp. 2d 609 (D. Del. 2012).....................................................................20

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976)..............................................................................................13

*Comcast Corp. v. Rovi Corp.*,
    2016 WL 4991625 (S.D.N.Y. Sept. 16, 2016).....................................................20

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
    2012 WL 314049 (E.D. Mich. Jan. 31, 2012).......................................................20

*Elecs. For Imaging, Inc. v. Coyle*,
    394 F.3d 1341 (Fed. Cir. 2005).............................................................................16

*EMC Corp. v. Bright Response, LLC*,
    2012 WL 4097707 (N.D. Cal. Sept. 17, 2012) ....................................................20

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
    737 F.3d 704 (Fed. Cir. 2013)........................................................................13, 14

*Genentech, Inc. v. Eli Lilly & Co.*,
    998 F.2d 931 (Fed. Cir. 1993)..................................................................14, 16, 18

*Intendis GmbH v. Glenmark Pharms. Inc.*,
    822 F.3d 1355 (Fed. Cir. 2016).............................................................................15

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
    342 U.S. 180 (1952)........................................................................................13, 16

*Mycone Dental Supply Co. v. Creative Nail Design, Inc.*,
    2012 WL 1495496 (D.N.J. Apr. 26, 2012) ..........................................................20

*nCUBE Corp. v. SeaChange Int'l Inc.*,
    732 F.3d 1346 (Fed. Cir. 2013)...............................................................................3

*Noble v. US Foods, Inc.*,
  2014 WL 6603418 (S.D.N.Y. Nov. 19, 2014) .......................................................................20

*Regeneron Pharm., Inc v. Merus B.V.*,
  2014 WL 5463376 (S.D.N.Y. Oct. 17, 2014) ........................................................................15

*Tivo Inc. v. Echostar Corp.*,
  646 F.3d 869 (Fed. Cir. 2011) (en banc) ..................................................................................3

*Toy Biz, Inc. v. Centuri Corp.*,
  990 F. Supp. 328 (S.D.N.Y. 1998) ..........................................................................................19

*Underwater Storage, Inc. v. United States Rubber Co.*,
  371 F.2d 950 (D.C. Cir. 1966) ..................................................................................................4

## I.      INTRODUCTION

The instant Declaratory Judgment action (the "*2020 SDNY Action*") filed by Plaintiffs Hong Kong uCloudlink Network Technology Limited ("uCloudlink Hong Kong") and Ucloudlink (America), Ltd. ("uCloudlink America") against SIMO Holdings, Inc. ("SIMO") inappropriately clogs the United States judicial system with unnecessary litigation. Contrary to uCloudlink's insinuations, this case will not result in the dismissal of the Eastern District of Texas lawsuit SIMO Holdings, Inc., Skyroam, Inc., and Shenzhen Skyroam, Ltd. filed nearly *four months before* the instant case (*SIMO Holdings, Inc. et al. v. Hong Kong uCloudlink Network Technology Limited et al*. Civil Action No. 2:20-cv-00003 (the "*2020 EDTX Action*")).  The *2020 EDTX Action* includes patent infringement allegations uCloudlink has conceded are appropriately brought against additional defendants who may not be bound by this Court's previous rulings; it also includes allegations for trade secret misappropriation that are nowhere to be found in the *2020 SDNY Action*.

Permitting this case to proceed will be particularly wasteful in view of a June 16, 2020 order in the *2020 EDTX Action* permitting alternative service on a foreign defendant (uCloudlink Hong Kong) despite attempts to dodge such service.  This Court should dismiss, stay, or transfer the *2020 SDNY Action* in favor of the more encompassing (and first-filed) *2020 EDTX Action*.

## II.     BACKGROUND OF THE FACTS AND PROCEDURAL HISTORY

### A.      The Relevant Actions

#### 1.      The 2018 SDNY Action

In the summer of 2018, SIMO brought a claim for patent infringement before this Court in an action captioned *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited et al.* Civil Action No., 18-cv-5427 (JSR) (the "*2018 SDNY Action*").  In the *2018 SDNY Action*, SIMO alleged that uCloudlink Hong Kong and uCloudlink America (the Plaintiffs in the instant suit) infringed United States Patent No. 9,736,689 ("'689 Patent") by virtue of the then-available

versions of the G2, G3, and U2 hotspots, and the P1 mobile phone (the "2018 Accused Products"). *2018 SDNY Action*, Dkt. 20 at ¶ 10. After extensive fact and expert discovery and claim construction briefing, this Court granted SIMO's motion for summary judgment that the 2018 Accused Products literally infringe; the parties never raised, and this Court never ruled on, infringement under the doctrine of equivalents because it was unnecessary. *2018 SDNY Action*, Dkt. 131 at 1; *see also Id.* Dkt. 163.

After a jury trial on invalidity and damages, a jury returned a verdict of no invalidity and awarded SIMO a reasonable royalty rate calculated at $2.96 per 500 megabytes of data used through the infringing products. *2018 SDNY Action*, Dkt. 180 at 1; *Id.* Dkt. 272 at 3.

The Court granted SIMO's post-trial motion for a permanent injunction, preventing uCloudlink from selling or enabling the use of the four accused products. That injunction is still in force today, and its propriety has not been challenged (aside from an underlying challenge to this Court's claim construction) on appeal. *2018 SDNY Action*, Dkt. 264 at 51.

The parties engaged in motion practice regarding the scope of the permanent injunction as compared to an alleged uCloudlink redesign of the 2018 Accused Products. *See e.g.*, *2018 SDNY Action,* Dkt. 297–298. Pursuant to that motion practice, this Court concluded that uCloudlink's devices no longer infringe, and lifted the injunction as to the redesigned products. *2018 SDNY Action,* Dkt. 299 at 5. SIMO immediately sought reconsideration and clarification of this Court's order based, in part, on uCloudlink's assertions throughout the injunction motion practice that the question was whether the redesigned devices are more than colorably different. *See generally, 2018 SDNY Action,* Dkt. 301; *see also 2018 SDNY Action*, Dkt. 275 at 7 ("uCloudlink understood the order to bar selling devices that were either configured as they were when the Court found infringement via summary judgment, or devices that were not more than colorably different from

those adjudged-infringing devices. *See nCUBE Corp. v. SeaChange Int'l Inc.*, 732 F.3d 1346, 1349 (Fed. Cir. 2013)"); *see also* uCloudlink's Emergency Motion to Stay filed in the Federal Circuit, Dkt. 15-1 at 16-17 ("if the district court conducted an . . . analysis [under *Tivo Inc. v. Echostar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (en banc) . . . ], it would necessarily find that uCloudlink's redesign devices are colorably different . . . and would never reach SIMO's new equivalents theory.").  SIMO argued (using statements made by uCloudlink) that *infringement* must be separately litigated, e.g., in a separate lawsuit.  *Id.*  It requested clarification that the Court's order on the scope of the injunction was *not* a finding regarding infringement or non-infringement.  *Id.*; The Court denied SIMO's motion but explicitly "offer[ed] the clarification of the order that SIMO seeks":  its order was limited to the finding that the redesigned products no longer fell within the scope of the injunction, ruling that "[t]he Court in no way makes a definitive finding of non-infringement for any other purpose."  *2018 SDNY Action,* Dkt. 304 at 5–6.

Because it received its requested clarification, SIMO did not appeal this Court's ruling on the redesign.  It did what the parties contemplated all along:  filed a separate lawsuit alleging infringement of the '689 Patent by the redesigned products (among others).

### 2.      The 2018 NDCA Action

In response to SIMO filing the *2018 SDNY Action*, uCloudlink Hong Kong and uCloudlink America filed a patent infringement lawsuit in the Northern District of California in August, 2018: *Hong Kong uCloudlink Network Technology Limited et al. v. SIMO Holdings Inc. et al.* Civil Action No. 18-cv-05031 (the "*2018 NDCA Action*"), alleging that SIMO and its subsidiary, Skyroam Inc. ("Skyroam US") are infringing a patent that is strikingly similar to SIMO's much older '689 Patent.  *2018 NDCA Action*, Dkt. 1.

SIMO sought to amend its Answer to the complaint in the *2018 NDCA Action* to include counterclaims for misappropriation of trade secrets based on information learned during discovery

in *2018 SDNY Action. 2018 NDCA Action*, Dkt. 17. Specifically, it sought to name Shenzhen

uCloudlink Network Technology Co. Ltd. ("uCloudlink Shenzhen") as a counter defendant; the

Court was ultimately not convinced that it could exercise personal jurisdiction over uCloudlink

Shenzhen. *See generally, 2018 NDCA Action*, Dkt. 44.  The Court, however, permitted SIMO to

take jurisdictional discovery related to this issue.  *Id.* at 13.[1]

Upon further investigation, which includes a still-ongoing review of more than 100,000

documents produced by uCloudlink in the *2018 SDNY Action* (the majority of which are Chinese-

language documents), as well as jurisdictional discovery responses served by uCloudlink

Shenzhen, SIMO learned that uCloudlink Shenzhen and another uCloudlink-related defendant,

Shenzhen uCloudlink New Technology Co. Ltd. ("uCloudlink New")[2], have more significant ties

---

[1] The Northern District of California dismissed SIMO's counterclaims for trade secret misappropriation against uCloudlink Hong Kong because it concluded that publication of the trade secrets in a patent application by uCloudlink Shenzhen absolved uCloudlink Hong Kong, and that the conspiracy alleged between the two entities was not plausible.  *2018 NDCA Action*, Dkt. 103. uCloudlink Shenzhen was not a party to the California case, however.  SIMO's misappropriation claims in the *2020 EDTX Action* stem from misappropriation by uCloudlink Shenzhen, and in that action SIMO seeks to hold uCloudlink Shenzhen liable for misappropriation along with uCloudlink Hong Kong, as a liable privy to uCloudlink Shenzhen that cannot be absolved from uCloudlink Shenzhen's misconduct.  *Underwater Storage, Inc. v. United States Rubber Co.*, 371 F.2d 950 (D.C. Cir. 1966).  Moreover, as a result of jurisdictional discovery regarding uCloudlink Shenzhen that was permitted in the *2018 NDCA Action*, SIMO now has adequate information to establish personal jurisdiction in Texas, and it is clear that uCloudlink Shenzhen's most significant domestic contacts are within the State of Texas.  Additionally, SIMO has learned of additional facts showing that uCloudlink Hong Kong, including purported CEO Wen Gao, made material false statements including in proceedings before this Court, which further support the plausibility of SIMO's initial misappropriation allegations.  *Compare e.g.*: Weed Decl. Ex. A (Wen Gao Dep.) at 57:17 – 58:1; 144:15–146:16 (testifying he is the director of uCloudlink Group, Inc. and not knowing the identity of its officers and testifying that Chaohui Chen was merely an "investor" and "consultant" with no title at uCloudlink) *with* Weed Decl., Ex. B, SIMONDCA_0021253, at 21363 (uCloudlink SEC filing identifying Chaohui Chen as the co-founder of uCloudlink and "our director and Chief Executive Officer since 2015" and Wen Gao as "our Chief Sales Officer since 2014").

[2] uCloudlink New is not within the same ownership structure as uCloudlink Hong Kong, uCloudlink America, and uCloudlink Shenzhen.  *See e.g.* Weed Decl., Ex. B at 0021261–62 (SEC F-1 document); Ex. C ████████████████████████████████████████

with Texas than California.[3] Weed Decl. at ¶ 5.  SIMO believed it could conserve resources and avoid the protracted motion practice and jurisdictional discovery that plagued the *2018 NDCA Action*, particularly given the fact that the *2018 NDCA Action* had been pending for more than a year, by filing its trade secret misappropriation claims in Texas.  Indeed, the California court had already expressed a desire to move forward with only patent claims when it dismissed SIMO's counterclaim of conspiracy to misappropriate trade secrets against uCloudlink Hong Kong and uCloudlink America.  *2018 NDCA Action*, Dkt. 103.

### 3.    The 2020 EDTX Action

SIMO filed the *2020 EDTX Action* on January 7, 2020, as the parties were briefing whether uCloudlink's redesign was more than colorably different in the *2018 SDNY Action*.  *2020 EDTX Action*, Dkt. 2.  Because of SIMO's belief that uCloudlink's redesigned products continue to infringe the '689 patent, and because of SIMO's discovery of additional infringing products, SIMO decided to include patent infringement claims against uCloudlink Hong Kong, uCloudlink Shenzhen, and uCloudlink New alongside the primary trade secret allegations in the *2020 EDTX Action*.  SIMO chose the Eastern District of Texas because (1) SIMO's filing of the *2020 EDTX Action* for misappropriation of trade secrets was imminent; (2) uCloudlink was correct that an injunction-related motion was not the appropriate avenue to analyze infringement of uCloudlink's

---

██████████████████; and Declaration of Yiren Shen explaining that uCloudlink New is inaccurately named in the F-1 document.  SIMO is justifiably concerned that this entity will not be bound by (or abide by) this Court's orders in the instant action or its judgment in the *2018 SDNY Action*.

[3] SIMO nevertheless believes that the Northern District of California has jurisdiction over uCloudlink Shenzhen based on *inter alia*, false *verified* jurisdictional discovery responses. *Compare* Weed Decl., Ex. D uCloudlink Shenzhen's First Supplemental Objections and Responses to Defendants' First Set of Jurisdictional Interrogatories, at No. 1 ██████████ ██████████████████████████████████████████████████████████████ *with* Weed Decl., Ex. E ████████████████████████████████████████ ██████████████████████████

redesigned products under a doctrine of equivalents theory that was not brought, and could not have been brought, in *2018 SDNY Action*; (3) SIMO learned that additional entities may be infringing SIMO's '689 Patent, with at least the former potentially not bound by the judgment in *2018 SDNY Action*; and (4) the Eastern District of Texas has personal jurisdiction over uCloudlink Hong Kong, uCloudlink Shenzhen, and uCloudlink New.

After filing the *2020 EDTX Action*, SIMO contacted the two firms presently representing uCloudlink as U.S. patent litigation and requested that they accept service of SIMO's complaint. *2020 EDTX Action*, Dkt. 18-3.  Both firms refused to accept service, even though both firms were, and are, representing at least one of the *2020 EDTX Action* defendants.  SIMO is additionally attempting to serve the uCloudlink defendants in *2020 EDTX Action* pursuant to the procedures outlined in the Hague convention.  Weed Decl. at ¶ 8.

SIMO filed a motion for alternative service in *2020 EDTX Action* on May 11, 2020.  *2020 EDTX Action*, Dkt. 18.  Counsel representing uCloudlink Hong Kong in the instant action appeared in the *2020 EDTX Action* and opposed SIMO's motion for alternative service on behalf of *only* uCloudlink Hong Kong. *2020 EDTX Action*, Dkt. 20. On June 16, 2020, the Eastern District of Texas granted SIMO's motion for alternative service on uCloudlink Hong Kong.  *2020 EDTX Action*, Dkt. 25.  On June 17, 2020, SIMO served the uCloudlink Hong Kong in the *2020 EDTX Action* through its attorneys per the Eastern District of Texas' order. Weed Decl. at ¶ 9.

### 4. The 2020 SDNY Action

On May 1, 2020, nearly four months after SIMO filed *2020 EDTX Action*, uCloudlink Hong Kong and uCloudlink America filed the instant action. The Complaint and letter to the Court filed the same day (Dkt. 1 and 9) contain allegations and representations which are misleading, giving the impression that the *2020 SDNY Action* is far more straightforward than it actually is.

uCloudlink did not request that SIMO accept service of the complaint in the *2020 SDNY Action* until after SIMO filed its motion for alternative service.  Weed Decl. at ¶ 10; *2020 EDTX Action*, Dkt. 18-4.  And, unlike uCloudlink, SIMO agreed to waive service, even though it does not appear that uCloudlink ever tried to actually serve SIMO.  Rather than accept SIMO's waiver, uCloudlink sought alternative service before this Court at the initial case management conference on May 21, 2020.  Weed Decl. at ¶ 11; *2020 SDNY Action*, Dkt. 16.  This Court granted uCloudlink's request for alternative service and set a briefing schedule for SIMO's motion to dismiss, transfer, or stay and uCloudlink's motion for summary judgment of non-infringement. *2020 SDNY Action*, Dkt. 17.

Ironically, at the initial case management conference, counsel for uCloudlink contended that it brought this action in order to preserve the resources of the parties and the judiciary.  Weed Decl. at ¶ 12.  As has been shown time after time throughout the *2018 SDNY Action*, in the Federal Circuit appeal of the *2018 SDNY Action* in *SIMO Holdings, Inc. v. Hong Kong uCloudlink Technology Limited et al.*, Case No. 19-2411 (Fed. Cir. 2020) ("*2018 SDNY Appeal*"), and the instant action, uCloudlink's representations to the Court regarding the pertinent issues are not credible.  *See e.g.*: Weed Decl., Ex G. *2018 SDNY Action* Oct. 19, 2018 Hrg. Tr. at 79:15–17 ("our client didn't know why Bin Wang[4] – this guy not critical, not important guy in the company") *2018 SDNY Action*, Dkt. 159 at 2 (referring to false statements made by uCloudlink's counsel regarding damages discovery; *2018 SDNY Action*, Dkt. 303 at 2 (highlighting the falsehood of uCloudlink's assertion that SIMO does not indicate what it seeks the court to "clarify"), *2018*

---

[4] Bin Wang is an inventor on 7 uCloudlink patents, including patents with uCloudlink's alleged CEO.  (Weed Decl., Ex. H, Bin Wang Dep. at 79:17–20; 86:8–90:14), and at the time of his deposition, was the *leader of uCloudlink's Security Group*.  Weed Decl., Ex. I, uCloudlink's Supplemental Responses to SIMO's Second Set of Interrogatories, at Interrogatory No. 13.

*SDNY Action*, 264, at 8 (highlighting the fact that it was not true that "SIMO produced no evidence that any of the bad acts allegedly undertaken by Mr. Bin were done with the knowledge or direction, or even for the benefit of uCloudlink"); *2018 SDNY Appeal*, Dkt. 29-1 at 10–13 (describing uCloudlink's misrepresentation to the Federal Circuit regarding this Court's order in the *2018 SDNY Actin* relating to uCloudlink's request for modification).

The *second filed 2020 SDNY Action* does not encompass all of the allegations of the *2020 EDTX Action*.  Thus, even if this Court were to deny the instant motion, the parties would remain in the Eastern District of Texas to litigate at least trade secret claims, which the *2020 SDNY Action* omits. The *2020 SDNY Action* also omits SIMO's patent infringement allegations against another uCloudlink entity, Shenzhen uCloudlink New Technology Co. Ltd. (深圳优克联新技术有限公司) ("uCloudlink New"), which is not owned by uCloudlink Hong Kong, but is controlled by uCloudlink Hong Kong and/or the rest of the uCloudlink enterprise.  *See* Weed Decl. Ex. C; *Id.* Ex. J, (uCloudlink's Supplemental Responses to SIMO's Amended First Set of Interrogatories, at Interrogatory No. 1.); *Id.* Ex. B, at 21260–21261, 21284; *see also generally* Shen Decl.  According to representations by uCloudlink entities before the SEC, uCloudlink New's business is material for the uCloudlink enterprise. Weed Decl. Ex. B, at SIMONDCA_0021284.  uCloudlink New shares its technology with uCloudlink Hong Kong; however, because it is not actually an owned subsidiary of the uCloudlink group of companies, it may not be bound by this Court's judgment and injunction order in the *2018 SDNY Action*.  It therefore may be free to continue infringing the '689 patent by, for example, selling or enabling the use of non-redesigned, infringing products in the United States.

Moreover, even if this Court denies this motion, and grants uCloudlink's motion for summary judgment as it relates to the products that were actually part of the *2018 SDNY Action*, uCloudlink simply cannot prevail in a motion for summary judgment with respect to those devices that were not within the scope of the *2018 SDNY Action* as there has been no discovery (fact or expert) related to those products in *any* action between SIMO and uCloudlink.

**B.     The Relationship of the Actions**

**1.     The *2020 EDTX Action* is the Relevant First-Filed Action**

The *2020 EDTX Action* is the first filed action regarding the issues raised in *2020 SDNY Action*; it encompasses the issues in the instant action, and predates the instant action by nearly four months.  The same overlap does not exist between the *2018 SDNY Action* and the *2020 SDNY Action* or the *2020 EDTX Action*.  It therefore strains logic to view the *2018 SDNY Action* as the first-filed action.  In particular, SIMO expects to have to litigate issues related to the doctrine of equivalents in the *2020 EDTX Action* that were not litigated in the *2018 SDNY Action*.  SIMO also expects to litigate regarding two additional products that uCloudlink either improperly withheld or were not available during the *2018 New York Action*, and include new part(ies) that may not be bound by this Court's judgment in the *2018 New York Action*.  Additionally, the *2020 EDTX Action* contains claims for misappropriation of trade secrets.  *Compare* First Amended Complaint in the *2018 SDNY Action* (*SDNY Action*, Dkt. 16) *with* Complaint in the *2020 EDTX Action* (*2020 EDTX Action*, Dkt. 2).

In particular, SIMO alleges in the *2020 EDTX Action* that the newly-redesigned versions of the products subject to the injunction in the *2018 SDNY Action* continue to infringe under at least a doctrine of equivalents theory never before presented.  *2020 EDTX Action*, Dkt. 2.  This theory was not and could not have been presented with respect to the accused products in the instant matter because, as uCloudlink contended throughout the post-trial briefing, and before the

Federal Circuit, its devices had been redesigned such that they are more than colorably different in the way they function. *2018 SDNY Action*, Dkt. 275 at 7; *SDNY Appeal*, Dkt. 15-1 at 16-17. uCloudlink acknowledges that discovery is needed to determine these products' functionality. (*SDNY Appeal*, Dkt. 15-1 at 1).  SIMO agrees.

The *2020 EDTX Action* also involves two additional products, the G4 hotspot and the P3 phone, that were not at issue in the *2018 SDNY Action*.  Notwithstanding uCloudlink's failure to identify the G4 hotspot in response to a discovery request this Court specifically authorized related to contemplated uCloudlink devices, SIMO has discovered that uCloudlink had released, or at least introduced, this device months before uCloudlink served its responses to SIMO's interrogatories. *Compare* Weed Decl. Ex. K, SIMONDCA_0007631 (showing launch of G4 March, 11, 2019) *with* Weed Decl. Ex. L (uCloudlink's Second Supplemental Responses to SIMO's Third Set of Interrogatories Dated April 23, 2019 omitting identification of the G4).  SIMO is entitled to a fulsome record development as to this device, and no such discovery occurred in the *2018 SDNY Action*.  uCloudlink effectively asks this Court to hold uCloudlink's "obstructionist" failure to include this product in the prior infringement, damages, and injunction order against *SIMO*. *2018 SDNY Action* Dkt. 272 at 2.

The *2020 EDTX Action* also contains allegations of misappropriation of trade secrets against uCloudlink Shenzhen and its privies, including uCloudlink Hong Kong, stemming from at least the theft and use of trade secrets owned by SIMO and its related entities by former uCloudlink-employee, Wang Bin. *2020 EDTX Action*, Dkt. 2 at 51–68.[5]

---

[5] uCloudlink may contend that these allegations are barred by claim and/or issue preclusion. However, this is an issue to be decided by the Eastern District of Texas, not through a collateral attack in this Court; it also supports SIMO's position that, consistent with numerous decisions by the Courts of this district, the propriety of SIMO's choice of forum is most appropriately decided by the forum in which the first action was brought. *See supra* at Section III.B.2.

Last, any argument by uCloudlink that the *2018 SDNY Action* is the first-filed action is inconsistent with uCloudlink's position in trying to avoid this Court's permanent injunction in the *2018 SDNY Action*.   When it complained to the Federal Circuit that it believed this Court misapplied the law regarding uCloudlink's redesign, uCloudlink explained that SIMO "can no longer rely on its old, outdated proofs, and must support any new infringement findings on a <u>full record</u>."   *Id.* at 1 (emphasis added) *see also 2018 SDNY Action*, Dkt. 298 at 10.  uCloudlink has previously taken the position that SIMO remains free to raise infringement of the redesigned products in a separate action, and that it *could not* have brought such allegations of infringement in the *2018 SDNY Action*.  It should be held to those positions.

### 2.    The *2020 SDNY Action* is Not as Straightforward as uCloudlink Contends

In the *very first paragraph* of the Complaint in this case, uCloudlink America and uCloudlink Hong Kong ignore this Court's clarification of its order modifying the injunction. *2018 SDNY Action*, Dkt. 304.  Specifically, they contend that by bringing the *2020 EDTX Action*, SIMO is "ignoring" this Court's "holding" that uCloudlink's redesigned products no longer infringe. *2020 SDNY Action*, Dkt. 1 at ¶ 1.  In point of fact, it is uCloudlink that ignores the briefing and this Court's order on SIMO's motion for reconsideration in the *2018 SDNY Action*.  In that order, this Court *explicitly addressed SIMO's concerns that the very language cited by uCloudlink in its complaint* would be perverted to imply that a finding of non-infringement in a subsequent matter is a foregone conclusion—regardless of the fact that such subsequent matter raises *entirely new theories of infringement*.  *2018 SDNY Action*, Dkt. 304 at 5–6.

uCloudlink Hong Kong and uCloudlink America, however, perhaps presuming that Judge Carter, the judge originally assigned this case, would not appreciate the nuance of this Court's clarification, represented that "the Court clarified that this infringement determination was only

made in the context of deciding the scope of injunctive relief, and was not a ruling on summary judgment. The purpose of its declaratory judgment action is to ask that the Court re-issue its *same decision* as a summary judgment ruling." Dkt. 9 at 1 (emphasis added); *see also* Dkt. 1 at ¶ 2 ("this Court has already ruled that the redesign products are more than colorably different from the '689 patent and no longer infringe that patent. This action seeks to memorialize this Court's prior holding in a manner that will bind SIMO and prevent it from pursuing duplicative actions in different forums.").

This is not true. uCloudlink omits this Court's statement that it was "in no way mak[ing] a definitive finding of noninfringement." *2018 SDNY Action*, Dkt. 304 at 5–6. uCloudlink ignores this Court's clarification (Dkt. 1 at ¶ 25) even though uCloudlink's position *was consistent with this point during the briefing relating to the redesign. 2018 SDNY Action*, Dkt. 298 at 10. ("Since the redesign products are more than colorably different from the adjudged infringing devices, the appropriate next step (if SIMO wishes to pursue these products further) is for it to file a new action, and for there to be *a new trial on infringement*." (emphasis added)).

Additionally, by calling the newly-accused G4 hotspot device and P3 phone "redesign products," uCloudlink misrepresents the true nature of those products as newly-accused products. uCloudlink's contention that these devices are "redesign products" is an inaccurate simplification of the fact that SIMO is entitled to conduct discovery into the components, functionality, and source code related to the redesign products and these entirely new products, in order to refine and prove its infringement theories. At a minimum, the parties must still conduct discovery into previously un-litigated products to determine the extent to which these products operate consistently with the original, infringing products, those products that were allegedly actually redesigned, or are different altogether.

Moreover, if uCloudlink is correct, the various damages determinations and injunction analysis was based on false pretenses; this Court's orders granting SIMO's motions for summary judgment and injunction explicitly identified the only products that uCloudlink identified as potentially accused products, the G2, G3, and U2 hotspots, and the S3 mobile phone. *2018 SDNY Action*, Dkt. 163 at 2. *Only* these devices were deemed to infringe, and *only* these devices were redesigned by uCloudlink. *2018 SDNY Action*, Dkt. 299.

## III.   ARGUMENT

Under the doctrine of federal comity, the Supreme Court has stated that it is an act of "[w]ise judicial administration" to avoid duplicative litigation. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (alteration in original) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).   "[I]n situations involving the contemporaneous exercise of concurrent jurisdictions," courts should "giv[e] regard to conservation of judicial resources and comprehensive disposition of litigation" *Colo. River Water Cons. Dist.*, 424 U.S. 800 at 817. (citation and internal quotation mark omitted)); *Kerotest*, 342 U.S. at 183 (noting "[w]ise judicial administration . . . does not counsel rigid mechanical solution of such problems" and "[t]he factors relevant to wise administration here are equitable in nature").

The law of the Court of Appeals for the Federal Circuit governs the application of the first-to-file rule in patent infringement cases such as this one. *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). "This 'first-to-file' rule exists to 'avoid conflicting decisions and promote judicial efficiency.'" *Id.* (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)).   According to the Federal Circuit, "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei*, 737 F.3d at 708.

13

While there are exceptions, "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Exceptions to this general rule may be based on "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, . . . the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Futurewei*, 737 F.3d at 708 (alterations in original) (quoting *Genentech*, 998 F.2d at 938). This approach is consistent with the Second Circuit's jurisprudence. *See, e.g., Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991).

A. **The Second-Filed *2020 SDNY Action* Substantially Overlaps with the First-Filed *2020 EDTX Action***

As the *2020 EDTX Action* predates and substantially overlaps the instant *2020 SDNY Action*, the instant case should be dismissed, transferred, or stayed in the interests of judicial economy to prevent duplicative litigation. *Futurewei*, 737 F.3d at 708.

In the first-filed *2020 EDTX Action*, SIMO alleged that certain uCloudlink products, including (but not limited to) the redesigned products, infringe the '689 Patent. *2020 EDTX Action*, Dkt. 2 at ¶¶ 1–2. uCloudlink's requested declaratory judgment in the second-filed *2020 SDNY Action* is likewise centered on the question of whether or not uCloudlink's redesigned products and the never-litigated P3 and G4 devices infringe the '689 Patent. Dkt. 1 at ¶ 1. In other words, uCloudlink's complaint alleges a claim that is "directly related to [uCloudlink's available] affirmative defense in the Texas litigation" and is encompassed by the claims alleged by SIMO *nearly 4 months prior* to the filing of the instant action. *Futurewei*, 737 F.3d at 710.

The *2020 EDTX Action* is indisputably the first case relating to the issues of whether or not the G4 and P3 products infringe literally or under doctrine of equivalents. It is also the first action to adjudicate the issue of whether the redesigned G2, G3, and U2 hotspots, and the P1 mobile

phone *infringe* under the doctrine of equivalents.   And because of uCloudlink's (correct) articulation that the *2018 SDNY Action* only focused on whether differences between original and redesigned devices are more than colorable, the *2020 EDTX Action* is the first case to adjudicate whether the redesigned G2, G3, and U2 hotspots and the P1 mobile phone literally infringe.   By contending otherwise, uCloudlink asks this Court to both ignore its prior order clarifying its injunction modification in the *2018 SDNY Action* and to short-circuit the in-depth factual and legal process to determine whether a product infringes under the doctrine of equivalents.   By way of example, uCloudlink asks this Court to simply ignore the oft-required hypothetical claim analysis, which the Federal Circuit has described as "a two-step process."   *Intendis GmbH v. Glenmark Pharms. Inc*., 822 F.3d 1355, 1363 (Fed. Cir. 2016).   "The first step is 'to construct a hypothetical claim that literally covers the accused device.'   Next, prior art introduced by the accused infringer is assessed to 'determine whether the patentee has carried its burden of persuading the court that the hypothetical claim is patentable over the prior art.'"   *Id*.   (*citing DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc*., 567 F.3d 1314, 1322 (Fed. Cir. 2009)) (internal citations omitted).   Thus, as this District has recognized, "[i]n the absence of a particularized position taken by the plaintiff on the constituent elements of his patent, there is simply no way to assess equivalency."   *Regeneron Pharm., Inc v. Merus B.V.*, 2014 WL 5463376, at *3 (S.D.N.Y. Oct. 17, 2014).   The *2020 SDNY Action* has not (and cannot have) proceeded far enough to perform this analysis.

**B.**      **There Is No Reason for This Court to Deviate from the First-to-File Rule**[6]

**1.**      **No Exception Should Be Made to the First to File Rule**

---

[6] While SIMO has addressed what it presumes will be uCloudlink's arguments about exceptions to the first-to-file rule, it has done so in an abundance of caution.   SIMO reserves the right to address whatever arguments uCloudlink makes in reply.

In the event a court is inclined to stray from the first-to-file rule, "[t]here must . . . be sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993). Examples include "convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.* The determination to make an exception should be guided by determinations about whether the exception would further "judicial and litigant economy, and the just and effective disposition of disputes." *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). The Supreme Court has "cautioned against 'rigid mechanical solution[s]' to questions of forum, stressing the importance of conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Manufacturing Co. v. C-O-Two Fire Equip, Co.*, 342 U.S. 180, 183 (1952).

Denying SIMO's motion (i.e., finding an exception to the first-to-file rule) would result in the very opposite of the resource conservation the Supreme Court has emphasized. Even if this Court denies SIMO's motion, its patent infringement action against uCloudlink New will remain in the Eastern District of Texas because uCloudlink New is not within the uCloudlink ownership structure and thus potentially not bound by the orders and judgments of this Court. Moreover, the instant action does not incorporate SIMO's misappropriation of trade secrets action filed by SIMO against uCloudlink Hong Kong and uCloudlink Shenzhen in the *2020 EDTX Action* which means that litigation will also proceed regardless of this Court's order on this motion.

Additionally, if this Court proceeds with the infringement action, uCloudlink New witnesses will likely be required to testify in multiple actions, rather than just once in the *2020 EDTX Action*. As uCloudlink made very clear in its interrogatory responses, nearly all of the information relevant to uCloudlink's business and products stems from information known by

employees of uCloudlink New.  Weed Decl. Ex. J, at Interrogatory No. 1. Moreover, uCloudlink's F-1 identified uCloudlink New and/or its parent as "hold[ing] certain assets that are material to the operation of certain portion of our business, including permits, domain names and most of our IP rights.  If our VIEs go bankrupt . . . we may be unable to continue some or all of our business activities, which could materially and adversely affect our business, financial condition and results of operations."  Weed Decl., Ex. B, at 21284.

There are no known New York witnesses relevant to either litigation.  uCloudlink did not identify a single witness that worked for uCloudlink America in the *2018 SDNY Action*, and to date has not supplemented its disclosures in the *2018 SDNY Action*. *See* Weed Decl. Ex. J, at Interrogatory No. 1.  All but two witnesses identified by uCloudlink were employees of Shenzhen uCloudlink New Technology Ltd., a company that is *not even within the ownership structure of* uCloudlink Hong Kong and uCloudlink America. *Id.*; *Weed Decl. at ¶* 19.  Moreover, Shenzhen uCloudlink New Technology Ltd is a defendant in the *2020 EDTX Action*.

On the other hand (and underlying SIMO's decision to file in Texas), DHI Telecom, a Texas-based uCloudlink white-label partner, will be a witness regarding SIMO's claims for patent infringement and trade secret misappropriation against uCloudlink. *See 2020 EDTX Action*, Dkt. 2, at ¶¶ 21-22; 35–38; 73, 81, 95–102.  DHI witnesses are located in Texas, not New York.

There is no evidence that uCloudlink America is a necessary party, and SIMO certainly does not view it as such.  This is especially true in light of testimony from Jianlin Liao, a uCloudlink-related witness who testified ████████████████████████████████████ ████████████████████████████████████████████████. Weed Decl. Ex. M Jianlin Liao Dep. at 20:2–9.  While the true identify of Jianlin Liao's employer is not clear, it is most

certainly not uCloudlink America.[7]  There is absolutely no evidence that uCloudlink America participated *at all* in the previous action, with the exception of sitting at counsel's table during the trial. Indeed, no uCloudlink America employee was identified as the custodian of any document produced in the *2018 SDNY Action*. Weed Decl. at ¶ 21.  In light of this, uCloudlink America appears to be little more than an alter ego of uCloudlink Hong Kong that does little, if anything relevant to uCloudlink's business.  Its purported ties to New York do not give rise to an exception to the first-to-file rule.

If any party is necessary to the parties' disputes, it is uCloudlink New given that SIMO has infringement claims against it and it may not be bound by this Court's prior rulings.  uCloudlink Hong Kong and uCloudlink America have made no effort to join this company as a party, even though uCloudlink Hong Kong and uCloudlink New share a director (Ex. A Wen Gao Dep. at 59:6–13; 62:11–21), and uCloudlink America's director, Zhiping Peng, owns 49.6% of uCloudlink New's parent company. Weed Decl. Ex. N, Wen Gao Decl. filed in the *2018 NDCA Action* (Dkt. 24:3, at ¶ 3); *Id.*, Ex. B, SIMONDCA_0021253, at 21261.  If uCloudlink Hong Kong and uCloudlink America were truly concerned about preserving resources, they would have spent the four months after SIMO filed the *2020 EDTX Action* organizing the relevant uCloudlink-related entities so they could ensure that the litigation proceeded in the most efficient way possible.  They did not.

By forcing the parties to litigate in two separate fora, denying SIMO's motion will contravene the interest of "the possibility of consolidation with related litigation." *Genentech*, 998

---

[7] The witness testified ███████████████████████████ (Weed Decl. Ex. M Liao Dep. at 18:12), 17), but uCloudlink Hong Kong's verified discovery responses state that Jianlin Liao is an employee of Shenzhen uCloudink New Technology Co. Ltd. Weed Decl. Ex. J. at Interrogatory No. 1.

F.2d at 938.  Notwithstanding uCloudlink Hong Kong's argument before this Court that its goals were efficiency for the Courts and the parties, (Weed Decl. at ¶ 12), there is no way that maintaining the *2020 SDNY Action* in a way that will result in the preservation of resources.

uCloudlink may attempt to distinguish the instant action from the *2020 EDTX Action* by noting additional parties named in that Complaint, but this District has previously stated that "complete identity of parties and issues is not required for the first-filed rule to apply; the test is whether the second action embraces the issues in the first action." *Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 332 (S.D.N.Y. 1998).  uCloudlink's complaint here not only embraces issues from the *2020 EDTX Action*, but *cites to the 2020 EDTX Action's complaint* and attempts to rely on the instant action to avoid litigation in Texas altogether.  *2020 SDNY Action*, Dkt. 1 at ¶¶ 1–3.

Additionally, any attempt by uCloudlink to mischaracterize SIMO's *2020 EDTX Action* as forum shopping is incorrectly rooted in uCloudlink's apparent (erroneous) assertion that the entirety of the *2020 EDTX Action* could have been filed in this District.  *Id.* at ¶ 2.  SIMO filed the *2020 EDTX Action* because as those acts outlined in the complaint demonstrate, the Eastern District of Texas has personal jurisdiction over all of the identified parties.  *2020 EDTX Action*, Dkt. 2 at ¶¶ 89–109. SIMO is not aware of any facts that would support personal jurisdiction of this Court as to the other uCloudlink-related entities.  Ironically, uCloudlink Hong Kong and uCloudlink America's contention that bringing their lawsuit in this Court will save resources ignores the fact that SIMO will maintain its trade secret misappropriation claims against uCloudlink Hong Kong and other uCloudlink defendants, *and its patent infringement allegations* against at least uCloudlink New, regardless of whether the *2020 SDNY Action* proceeds.

    **2.**    **The Decision to Apply an Exception to the First-to-File Rule Should Remain with the Court Handling the First-Filed Action**

"In order to avoid the inconsistency and confusion that [simultaneous conflicting rulings] would cause, this Court must first consider the threshold issue of which court authority to determine whether and how the first-filed rule applies and, ultimately, where the issues will be adjudicated." *Noble v. US Foods, Inc.*, 2014 WL 6603418, at *3 (S.D.N.Y. Nov. 19, 2014). "The courts of the [Southern District of New York] have adopted a 'bright line rule' that '[t]he court before which the first-filed action was brought determines which forum will hear the case.'" *Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*, 2019 WL 6841419, at *3 (S.D.N.Y. Dec. 16, 2019) (quoting *MSK Ins., Ltd. v. Emp'rs Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002); *see also Comcast Corp. v. Rovi Corp.*, 2016 WL 4991625, at *3 (S.D.N.Y. Sept. 16, 2016).[8]

Since the *2020 EDTX Action* is the first-filed action, the Eastern District of Texas be the deciding court regarding this issue. *Noble*, 2014 WL 6603418, at *3 ("It is a straight-forward rule to be applied in a rote manner."). This jurisprudence counsels in favor of at least staying the *2020 SDNY Action* until the Eastern District of Texas has had the opportunity to consider the first-filed action factors; SIMO presumes that since one of the uCloudlink entities has been served, a motion resembling uCloudlink's ultimate opposition to the instant motion is forthcoming. That motion is the appropriate mechanism to determine the fate of the second-filed *2020 SDNY Action*.

## IV.    CONCLUSION

---

[8] Other district courts also apply the rule that the first-filed forum shall determine the applicability of any purported exceptions to the first-filed rule. *See, e.g., Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 613 (D. Del. 2012); *EMC Corp. v. Bright Response, LLC*, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012); *Mycone Dental Supply Co. v. Creative Nail Design, Inc.*, 2012 WL 1495496, at *1 (D.N.J. Apr. 26, 2012); *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, 2012 WL 314049, at *6 (E.D. Mich. Jan. 31, 2012).

The later-filed *2020 SDNY Action* filed by uCloudlink Hong Kong and uCloudlink America, if allowed to proceed, will result in duplicative litigation that clogs the judicial system and wastes the resources of both parties.  The issues in the *2020 SDNY Action* are (a) factually different from the issues litigated in the *2018 SDNY Action* and (b) encompassed by the issues in the earlier-filed *2020 EDTX Action*.  SIMO respectfully requests that this Court exercise its discretion stay or dismiss the instant action, or to transfer this case to the Eastern District of Texas to actually preserve the resources uCloudlink alleges need to be conserved.


Date: June 22, 2020

/s/ Benjamin E. Weed
Benjamin E. Weed (Admitted *Pro Hac Vice*)
**K&L Gates LLP**
70 W. Madison Street, Suite 3100
Chicago, IL 60602
Tel: 312.781.7166
Fax: 312.345.1843
benjamin.weed@klgates.com

Peter E. Soskin (Admitted *Pro Hac Vice*)
**K&L Gates LLP**
4 Embarcadero Center, Ste. 1200
San Francisco, CA 94111
Tel: 415.882.8200
Fax: 415.882.8220
peter.soskin@klgates.com

**ATTORNEYS FOR DEFENDANT
SIMO HOLDINGS INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I, Benjamin E. Weed, hereby certify that on June 22, 2020, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


<u>/s/ Benjamin E. Weed</u>
Benjamin E. Weed