UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED and
UCLOUDLINK (AMERICA), LTD.,

       Plaintiffs,

  v.

SIMO HOLDINGS INC.,

       Defendant.

**Civil Action No. 1:20-cv-03399-JSR**

## **PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

1

    (a) previously nondisclosed financial information (including without profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (b) previously nondisclosed material relating to ownership or control of any non-public company;

    (c) previously nondisclosed business plans, product development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual; or

    (e) any other category of information hereinafter given confidential status by the Court.

  3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing, upon request of the receiving party, another copy of said Discovery Material with the confidential information redacted.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

  4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should

be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) stenographers engaged to transcribe depositions conducted in this action; and

(e) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 5(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. Any person referred to in subparagraphs 5(a) and 5(c) above who obtains, receives, has access to, or otherwise learns, in whole or in part, the other party's Confidential Discovery Material shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any new or pending patent applications that bear a reasonable relationship to patents which are the subject matter of this litigation or to the technology or information disclosed in the received Confidential Discovery Material on behalf of the receiving party or any party affiliated with the receiving party. To avoid any doubt, "patent application" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review or *inter partes* reexamination). This prosecution bar shall begin when an affected individual first receives Confidential Discovery Material and shall end eighteen (18) months after final termination of this action.

8. Testifying experts shall not be subject to discovery on any draft of his or her report in this case that was written by the testifying expert or his or her staff. Such draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case. All other materials provided to a testifying expert that the expert considered in forming the opinions expressed in the expert's report shall be subject to discovery, regardless of whether or not the testifying expert actually relied upon the material in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert except to the extent that consulting

4

expert has provided information, opinions, or other materials to a testifying expert (either directly or through one or more intermediaries, including counsel), who then relies upon such information, opinions, or other materials in forming any opinion to be presented in a report, trial or deposition testimony in this case or as otherwise set forth in FRCP 26(b)(4)(D).

9.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.  The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in

5

connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. The parties agree that the privilege logs in this case need not identify privileged communications or work product materials created on or after June 18, 2018 that involve any counsel of record from *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited et al.*, Civil Action No. 18-cv-5427 (SDNY), *Hong Kong uCloudlink Network Technology Limited et al. v. SIMO Holdings Inc. et al*., Civil Action No. 18-cv-05031 (NDCA), or *SIMO Holdings, Inc. et al. v. Hong Kong uCloudlink Network Technology Limited et al*., Civil Action No. 2:20-cv-00003 (EDTX). The parties further agree that the privilege logs in this case need not identify privileged communications or attorney work product created on or after May 1, 2020.

21. If a receiving party is served with a subpoena or a court order that would compel disclosure of any confidential material to a third party, the receiving party must so notify the producing party (and, if not the same person or entity, the designating party), in writing promptly and in no event more than ten (10) days after receiving the subpoena or order. Such notification

must include a copy of the subpoena or order.  The receiving party must also promptly inform in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  Nothing in this provision should be construed as authorizing or encouraging a receiving party to disobey a lawful directive from another court.

22. Each party agrees to be bound by the terms of this Protective Order as of the date it is filed with the Court for the Court's consideration, even if prior to entry of the Order by the Court.  If the Court changes any provisions proposed by the parties, the changes will apply retroactively, except that no conduct occurring prior to entry of the Order that was permissible under the proposed provisions shall be deemed a violation of any such changed provision.

23. The parties agree that any Discovery Material produced in the following actions can be used as if it was produced in this matter: *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited et al.*, Civil Action No. 18-cv-5427 (SDNY), *Hong Kong uCloudlink Network Technology Limited et al. v. SIMO Holdings Inc. et al.*, Civil Action No. 18-cv-05031 (NDCA), and *SIMO Holdings, Inc. et al. v. Hong Kong uCloudlink Network Technology Limited et al.*, Civil Action No. 2:20-cv-00003 (EDTX).  To the extent such Discovery Material was designated Confidential in these matters it shall continue to be treated as Confidential under the terms of this Protective Order.

SO ORDERED.

Dated:  June 23         , 2020

_____
United States District Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED and
UCLOUDLINK (AMERICA), LTD.,

      Plaintiffs,

   v.

SIMO HOLDINGS INC.,

      Defendant.

**Civil Action No. 1:20-cv-03399-JSR**

## **NON-DISCLOSURE AGREEMENT**

I, _____ acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____, 2020      _____