UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED and
UCLOUDLINK (AMERICA), LTD.,

      Plaintiffs,

   v.

SIMO HOLDINGS INC.,

      Defendant.

**Civil Action No. 1:20-cv-03399-JSR**

**STIPULATION AND [PROPOSED] ORDER FOLLOWING APPELLATE DECISION**

WHEREAS on January 5, 2021, the Federal Circuit issued a decision reversing this Court's judgment of infringement in *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology, Ltd. and Ucloudlink (America) Ltd.*, Case No. 18-cv-5427, and instructing the Court to enter a judgment of non-infringement in favor of Hong Kong uCloudlink Network Technology Limited and Ucloudlink (America), Ltd. (collectively "uCloudlink") based on a finding that: (1) the preamble is limiting and requires a plurality of non-local calls databases; and (2) SIMO Holdings Inc. ("SIMO") did not create a triable issue of fact as to whether the products at issue in Case No. 18-cv-5427 have a "non-local calls database" as claimed in SIMO's U.S. Pat. No. 9,736,689;

WHEREAS SIMO has indicated that it may pursue *en banc* review of the Federal Circuit's decision;

WHEREAS the products at issue in this case, Case No. 20-cv-3399, do not differ in any material way from the products at issue in Case No. 18-cv-5427 with respect to the "non-local calls database" limitation that formed the basis of the Federal Circuit's decision;[1]

WHEREAS the parties are in the process of briefing summary judgment motions with respect to the products at issue in Case No. 20-cv-3399, with reply briefs due January 7, 2021 and a hearing scheduled for January 22, 2021;

WHEREAS the parties agree that, absent any changes following further appellate review, the summary judgment briefing in Case No. 20-cv-3399 will no longer be necessary in light of the fact that the judgment in favor of uCloudlink in Case No. 18-cv-5427 will necessarily require judgment to be entered in uCloudlink's favor with respect to the products at issue in Case No. 20-cv-3399;

---

[1] For the sake of clarity, the parties have disputed whether the products at issue in Case No. 20-cv-3399 differ in other ways from the products at issue in Case No. 18-cv-5427, but those disputes are not material to this stipulation.

WHEREAS in order to stay execution of the judgment of infringement and damages originally entered in Case No. 18-cv-5427, and in lieu of a supersedeas bond, the parties entered into an Escrow Agreement dated January 3, 2020; and

WHEREAS the escrow agreement requires that a Notice of Termination be executed jointly by both parties;

The parties HEREBY STIPULATE AND AGREE as follows:

1. All current case deadlines in Case No. 20-cv-3399 shall be vacated, and the case shall be stayed until the Federal Circuit resolves SIMO's petition for *en banc* review or, if SIMO does not file such a petition by February 4, 2021, the case shall be stayed until February 4, 2021.

2. If SIMO does not file an *en banc* petition by February 4, 2021, or if SIMO does file such a petition and the Federal Circuit's reversal of this Court's infringement judgment in Case No. 18-cv-5427 remains in place after such a petition, SIMO's counterclaim against uCloudlink for infringement of U.S. Pat. No. 9,736,689 (D.I. 48 in Case No. 20-cv-3399) shall be dismissed with prejudice.

3. The parties will promptly notify the Court if SIMO does not file a petition for *en banc* review by February 4, 2021, or of the resolution of SIMO's petition for *en banc* review, and will submit a proposed judgment terminating the case, if appropriate.

4. If SIMO does not file an *en banc* petition by February 4, 2021, or if SIMO does file such a petition and the Federal Circuit's reversal of this Court's infringement judgment in Case No. 18-cv-5427 remains in place after such a petition, SIMO and uCloudlink

2

will promptly submit a joint Notice of Termination pursuant to the Escrow Agreement instructing the return of all funds currently in escrow to uCloudlink.

5. Both parties will bear their own costs and attorneys' fees in Case No. 18-cv-5427 and Case No. 20-cv-3399.

6. The parties desire that these stipulations be binding and adopted as an Order of the Court.

IT IS SO STIPULATED.

Date: January 8, 2021               **K&L GATES, LLP**

                                          By:   */s/ Benjamin E. Weed*
                                                   Benjamin E. Weed (Admitted *Pro Hac Vice*)
                                                   **K&L Gates LLP**
                                                   70 W. Madison Street, Suite 3100
                                                   Chicago, IL 60602
                                                   Tel: 312.781.7166
                                                   Fax: 312.345.1843
                                                   benjamin.weed@klgates.com

                                                   Peter E. Soskin (Admitted *Pro Hac Vice*)
                                                   **K&L Gates LLP**
                                                   4 Embarcadero Center, Ste. 1200
                                                   San Francisco, CA 94111
                                                   Tel: 415.882.8200
                                                   Fax: 415.882.8220
                                                   peter.soskin@klgates.com

                                                   **ATTORNEYS FOR DEFENDANT SIMO HOLDINGS INC.**

Date: January 8, 2021  WHITE & CASE LLP

By: */s/ Jonathan J. Lamberson*
JONATHAN J. LAMBERSON (*pro hac vice*)
lamberson@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94063
Telephone: (650) 213-0300
Facsimile: (650) 213-8159

John Padro (NY Bar No 4827416)
john.padro@whitecase.com
1221 Avenue of the Americas
Floor 49 Reception
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113

**ATTORNEYS FOR PLAINTIFFS HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED AND UCLOUDLINK (AMERICA), LTD.**

**[PROPOSED] ORDER**

Pursuant to stipulation, it is so Ordered:

1. All current case deadlines in Case No. 20-cv-3399 are HEREBY VACATED, and the case is STAYED until the Federal Circuit resolves SIMO's petition for *en banc* review or, if SIMO does not file such a petition by February 4, 2021, the case shall be stayed until February 4, 2021.

2. If SIMO does not file an *en banc* petition by February 4, 2021, or if SIMO does file such a petition and the Federal Circuit's reversal of this Court's infringement judgment in Case No. 18-cv-5427 remains in place after such a petition, SIMO's counterclaim against uCloudlink for infringement of U.S. Pat. No. 9,736,689 (D.I. 48 in Case No. 20-cv-3399) shall be dismissed with prejudice.

3. The parties will promptly notify the Court if SIMO does not file a petition for *en banc* review by February 4, 2021, or of the resolution of SIMO's petition for *en banc* review, and will submit a proposed judgment terminating the case, if appropriate.

4. If SIMO does not file an *en banc* petition by February 4, 2021, or if SIMO does file such a petition and the Federal Circuit's reversal of this Court's infringement judgment in Case No. 18-cv-5427 remains in place after such a petition, SIMO and uCloudlink will promptly submit a joint Notice of Termination pursuant to the Escrow Agreement instructing the return of all funds currently in escrow to uCloudlink.

5. Both parties shall bear their own costs and attorneys' fees in Case No. 18-cv-5427 and Case No. 20-cv-3399.

Dated: January 8, 2021

_____
Hon. Jed. S. Rakoff
United States District Court